# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALVARO LIZARRAGA-SOSA, | 1:08-cv-00866-LJO TAG HC |
| Petitioner, | ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED |
| v. | ORDER DIRECTING THE CLERK TO SERVE DOCUMENTS ON RESPONDENT |
| DIRECTOR BRIAN DEMORE, et al., | |
| Respondents. | |

Petitioner is detained by the United States Bureau of Immigration and Customs Enforcement ("ICE") and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

In the petition filed, Petitioner alleges that he is a citizen of Mexico and permanent resident of the United States who is presently subject to a final order of removal, which is being challenged in the Ninth Circuit Court of Appeals in an appeal that has been pending since November 2004. (Doc. 1, pp. 3-5). Petitioner also alleges that he has been in ICE custody since September 2007. (Id.). Petitioner alleges that his detention pursuant to 8 U.S.C. § 1231(a) is indefinite and that there is no likelihood of removal in the reasonably foreseeable future. (Id.). Petitioner alleges that his continued detention is also unlawful under the constitutional guidelines set forth in Zadvydas v. Davis, 533 U.S. 678 (2001), because it has exceeded six months in duration. (Id. at p. 7).[1]

---

[1] While Petitioner indicates that his petition for review in the Ninth Circuit is still pending, Petitioner does not indicate whether the Ninth Circuit has issued a stay of removal in his case, a fact that would affect the Court's analysis of the legality of Petitioner's ongoing detention under both statutory and constitutional standards. Accordingly, the Court will allow the case to proceed beyond the preliminary screening stage in order for Respondent to provide the necessary information for the Court

1       Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent
2 IS ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4, Rules Governing
3 Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P.
4 81(a)(2).  Respondent SHALL INCLUDE a copy of Petitioner's Alien File and any and all other
5 documentation relevant to the determination of the issues raised in the petition. Rule 5 of the Rules
6 Governing Section 2254 Cases.  In the event the Petitioner is released from BICE custody during the
7 pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the
8 Petition or other proper pleading.  Should the parties fail to notify the Court that Petitioner has been
9 released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue
10 sanctions in appropriate cases.  See Local Rule 11-110.

11       Accordingly, IT IS HEREBY ORDERED:

12     1.    Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted.
13         The Return to the Order to Show Cause is due within FORTY-FIVE (45) days of the
14         date of service of this order.  Petitioner may file a Traverse to the Return within TEN
15         (10) days of the date the Return to the Order to Show Cause is filed with the Court.

16     2.    The Clerk of the Court is DIRECTED to SERVE a copy of the Petition for Writ of
17         Habeas Corpus on the United States Attorney.  (Court Doc. 1).

18       The Court has determined that this matter is suitable for decision without oral argument
19 pursuant to Local Rule 78-230(h).  As such, the matter will be taken under submission following the
20 filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing
21 in this action is suspended.

22

23 IT IS SO ORDERED.

24 Dated: __**October 17, 2008**__                       **/s/ Theresa A. Goldner**
                                                        UNITED STATES MAGISTRATE JUDGE
25

26

27 _____

28  to make a final determination in that regard.